Tavitas, Judge, dissenting.
[23] I respectfully dissent. I would concur with the majority's result if the trial court's order was a final appealable order, but I part with the majority on the same grounds stated in my dissenting opinion in In Re Civil Commitment of T.W. , No. 18A-MH-1148, slip op. at pp. 13-20 (Ind. Ct. App. Nov. 21, 2018). In my opinion, the commitment order is defective. By issuing a blanket order, which summarily approved all recommendations of the court commissioner without specifically reviewing the case(s) and approving the commissioner's recommendations, the trial court delegated its duty to render final decisions to the commissioner without statutory authority.
[24] I disagree with the majority's conclusion that this issue is waived. Finding waiver penalizes the respondent for failing to "timely" urge the trial court judge to perform his statutory duty. A litigant cannot waive a trial court judge's exercise of statutory responsibility. Such abdication by trial court judges should not be litigants' and appellate courts' problem to resolve.
[25] Accordingly, I would remand to the trial court judge for review and approval of the commissioner's recommended order for temporary commitment.